POWERS v. OWEGO BRIDGE CO.

(Supreme Court, Appellate Division, Fourth Department.    October 18, 1904.)

1. NEGLIGENCE—INJURY TO CHILD—TRESPASSERS.

> A lessee of a lot, on which he piles lumber, is not liable for injury to a child, caused in trying to climb on it or by his trying to get off it quickly, however it was piled, it not being dangerous to those not interfering with it, and children, instead of being invited to the place, having been repeatedly driven away.

Appeal from Trial Term, Oneida County.

Action by Dewey Powers, by Charlotte Powers, his guardian ad litem, against the Owego Bridge Company. From a judgment for a new trial on the minutes, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

F. W. Clifford, for appellant.
John E. Mason, for respondent.

STOVER, J.    The defendant entered into a contract with the city of Rome to build a bridge over the Mohawk where Dominick street crosses the river. Defendant rented a vacant lot adjoining the street on the bank of the river, and on this lot stored lumber and other materials to be used in the construction of the bridge. The lot had been used as a dumping ground, and there was evidence that persons had been in the habit of crossing it. As one witness says, "It was a short cut from Dominick to Garden street." After defendant took possession of the lot, it piled materials across the path and at other places on the lot. It appears that children had played upon the lot, but had been repeatedly driven off by the employés of the defendant. At the time of the accident there were several piles of lumber upon the premises, ranging from three to five feet in height. The pile of lumber at which the accident happened was of timbers 4x4 and 14 or 15 feet long, the pile being 4 feet wide and about 3½ feet high. The plaintiff and several children

¶ 1. See Negligence, vol. 37, Cent. Dig. § 55.

older than he (he being about six years old) were playing about or on the lumber pile. Plaintiff's version of the accident is that the boys were playing about the pile, and plaintiff, in trying to climb upon the pile, pulled several of the pieces of timber upon him. The defendant's witness says that the boys jumped from the pile, and plaintiff fell off, and the lumber on top of him. Defendant's witnesses say but three sticks of timber were displaced, and the plaintiff not giving any number. Plaintiff claims that the defendant was negligent in carelessly piling the lumber; that it should have been carefully piled, and had some cross-pieces to bind it firmly.

The judgment should be reversed. Defendant owed no duty to the plaintiff, beyond that it owed to other strangers. It had the right to use the premises in the usual manner in the prosecution of its business, and was not bound to anticipate that a trespasser would interfere with its property. There can be no doubt that the accident was caused either by the act of the plaintiff in trying to climb upon the pile or by his companions and himself in trying to get off the pile quickly. In either case the defendant was not to blame. Defendant piled its lumber upon the premises for the purpose of having it convenient for present use. It was not bound to pile it in any particular way. So long as it was not dangerous to those who did not interfere with it, the defendant was not negligent. The situation was open and apparent. It cannot be said that a pile of lumber away from a public place—that is, a place where the public has a right to be—is dangerous to the public; and whoever goes upon the premises and interferes with it cannot complain if injury results. This case is quite distinguishable from those where lumber or building material has been insecurely piled upon the street, so as to menace the safety of those passing, and from those wherein dangerous structures have been maintained upon premises to which the public has been invited; but it is within the principle of Walsh v. Fitchburg R. R. Co., 145 N. Y. 301, 39 N. E. 1068, 27 L. R. A. 724, 45 Am. St. Rep. 615. The lumber was piled in the usual way, and, if it had not been piled at all, the defendant could not have been held responsible for an injury to a trespasser. We think the plaintiff failed to show any negligence on the part of the defendant, and for that reason the judgment must be reversed.

Judgment and order reversed, and new trial granted, with costs to the appellant to abide the event. All concur, except WILLIAMS, J., not voting.